WIGGINTON, Judge.
Gibson appeals the final order of the trial court denying his petition for writ of habe-as corpus. He maintains that he was denied due process of law by the trial court’s entering its order denying his petition before he was able to file an authorized reply. The record shows that subsequent to appellant’s filing his petition, the circuit court issued an order to show cause directing the Commission to respond to the petition, and granting appellant ten days thereafter to file a reply. However, prior to appellant’s filing his reply, but during the 10-day time period, the trial court issued an order denying the petition for writ of habeas corpus.
Although in all fairness to appellant, the trial court should have permitted him to file his reply before it so precipitously entered its order, that error was harmless insofar as the Commission’s response to the order to show cause clearly demonstrated that the petition lacked merit.[1]
AFFIRMED.
ERVIN, J., and FRANK, RICHARD H. Associate Judge, concur.

. The Commission’s response showed that on August 23, 1979, appellant was convicted of burglary and sentenced to a five-year term of imprisonment. He was released on parole on March 10, 1981, but on May 24, 1982, the Commission issued a warrant charging appellant with violation of his parole. At the time, he was imprisoned in Georgia. He was returned to Florida on March 5, 1986, and the Commission revoked his parole. Thus, at the time, he had served only approximately two years before be- ■ ing released on parole. Under section 947.21, Florida Statutes, he was liable to serve out the term for which he was sentenced. See also Schaeffer v. Florida Parole and Probation Commission, 434 So.2d 44 (Fla. 1st DCA 1983).